IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR SOLORIO CASTELAN,

Petitioner,

No. 2:06-cv-01906 (MMM)

vs.

ROSANNE CAMPBELL, et al.,

Respondents.

ORDER

Petitioner is a state prisoner proceeding *pro se* with a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a decision by the California Board of Parole Hearings finding him unsuitable for parole. The Court of Appeals for the Ninth Circuit is currently adjudicating a case *en banc*, Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008), which may have an impact on how federal district courts review decisions by the California Board of Parole Hearings. Therefore, this court *sua sponte* stays the proceedings pending the resolution of Hayward.

A district court has the inherent power to stay cases to "control its docket

and promote efficient use of judicial resources." <u>Dependable Highway Express v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider: (1) "the possible damage which may result from the granting of a stay;" (2) the hardship to the parties if the suit is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962)).

(1) **Damage:** The only potential damage resulting from a stay is to Castelan, who may have to wait longer for resolution of his case. However, prudence dictates that the court await the <u>Hayward</u> decision so that it will not be required to rehear or reconsider Castelan's claim once <u>Hayward</u> is decided. Reconsideration would also result in delay, so it is not clear that resolving Castelan's claim will take any longer if the case is stayed. Therefore, the court finds that the possible damage to Castelan is minimal.

(2) **Hardship:** Both parties face the prospect of hardship if the court were to resolve the case before <u>Hayward</u> is decided. If <u>Hayward</u> affects the legal standard applicable to parole hearings, then this proceeding, and possibly a subsequent

1 parole hearing, may need to be reconsidered and may result in duplicate hearings.
2 Therefore, the court finds that both parties would be disadvantaged by permitting
3 the suit to go forward at this stage.

4 **(3) <u>Orderly Course of Justice</u>:** Granting a stay pending resolution of
5 <u>Hayward</u> will permit the court to consider this case under the most current
6 precedent, will simplify the proceedings, and promote the efficient use of judicial
7 resources. It is in the interest of justice to await the en banc decision rather than
8 proceeding and having to reconsider the case. Therefore, the court finds that
9 granting a stay promotes the orderly course of justice.

10 In addition to the three factors from <u>Lockyer</u>, a district court must also
11 consider whether a stay pending resolution of another case is likely to be resolved
12 in a reasonable amount of time because of our duty to adjudicate habeas petitions
13 in a reasonable time frame. <u>Young v. INS</u>, 208 F.3d 1116, 1119-20
14 (9th Cir. 2000). The court finds that it is unlikely that the delay caused by waiting
15 for the Ninth Circuit's resolution of <u>Hayward</u> will be unreasonable.

16

1    Therefore, it is ORDERED that this action be administratively stayed pending the

2    Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008),

3    reh'g en banc granted, 527 F.3d 797 (9th Cir. 2008) (en banc).

4

5    Dated: April 28, 2009                              */s/ Margaret McKeown*
6                                                       HON. M. MARGARET MCKEOWN
7                                                       UNITED STATES CIRCUIT JUDGE
8                                                       Sitting by Designation